UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA WHITE,

           Plaintiff,

v.                                            Case No:  2:15-cv-139-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

---

## OPINION AND ORDER

Plaintiff Barbara White appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits.   For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded pursuant to 42 U.S.C. § 405(g), sentence four.

### I.    Issues on Appeal[1]

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Plaintiff does not meet or medically equally Listing 12.05C; and (2) whether the Vocational Expert's ("VE") testimony is consistent with the Dictionary of Occupational Titles ("DOT").

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), cited in *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013).

## II.    Procedural History and Summary of the ALJ's Decision

Plaintiff filed an application for SSI, alleging a disability that began on September 25, 2010.  Tr. 159-67.  The Social Security Administration denied her claim initially on January 23, 2012 and upon reconsideration on February 13, 2012.  Tr. 87-95.  Plaintiff requested and received a hearing before ALJ Sandra Lord, on August 5, 2013, during which she was represented by an attorney.   Tr. 35-54.  Plaintiff testified at the hearing.   *Id.*

On August 20, 2013, the ALJ issued an unfavorable decision and denied Plaintiff's claim.  Tr. 14-22.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 14, 2011, the application date.  Tr. 16.  At step two, the ALJ determined that Plaintiff had the following severe impairments:  seizure disorder, asthma, right shoulder disorder, diabetes, and learning disorder.   *Id.*   At step three, the ALJ concluded that Plaintiff "[did] not have an impairment or combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 16.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work[2] as defined in 20 C.F.R. 416.967(a) except she occasionally can climb ramps or stairs.  Tr. 18.  Additionally the ALJ concluded

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are

She can never climb ladders or scaffolds.   She can never reach overhead with the right upper extremity. She can never be exposed to dust, odors, fumes, pulmonary irritants, extreme cold, or extreme heat. She can never be exposed to hazards such as unprotected heights, moving mechanical parts, or operating a motor vehicle. She is limited to performing simple, routine tasks but not at a productive rate pace. She cannot perform assembly line work. She can frequently respond appropriately to supervisors. She can occasionally respond appropriately to coworkers. She can never respond appropriately to the public.

*Id.*

In making this determination, the ALJ considered the entire record and found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible. . . ." Tr. 18-19.   The ALJ next found that Plaintiff had no past relevant work, but found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.   Tr. 20-21.   Thus, the ALJ found that Plaintiff was not disabled and denied her claim.   Tr. 22.

Following the ALJ's decision, Plaintiff filed a request for review with the Appeals Council, which was denied on February 4, 2015.   Tr. 1-5.   Accordingly, the ALJ's August 20, 2013 decision is the final decision of the Commissioner.   Plaintiff filed a timely appeal in this Court on March 3, 2015.   Doc. 1.

---

required occasionally and other sedentary criteria are met."   20 C.F.R. 404.1567(a).   Social Security Ruling 83-10 elaborates on § 404.1567(a) by providing that "'occasionally' means occurring from very little up to one-third of the time," and that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."   *Kelley v. Apfel*, 185 F.3d 1211, 1214 n.2 (11th Cir. 1999).

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §§ 404.1520; 416.920.   The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).   The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a

scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."   *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)).   Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.   *Lacina v. Commissioner,* 2015 WL

1453364, at *2 (11th Cir. 2015) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971)).

## IV.   Discussion

### a. *Whether substantial evidence supports the ALJ's conclusion that Plaintiff does not meet or medically equally Listing 12.05C*

Plaintiff argues that the ALJ failed to apply the relevant legal standard when she determined that Plaintiff did not meet the requirements for Listing 12.05C.   Doc. 18 at 11.   Plaintiff states that the evidence of record supports that she meets Listing 12.05C, and the ALJ's failure to discuss Listing 12.05C and why the evidence does not establish that Plaintiff meets the Listing was an error.   *Id.*   The Commissioner responds that the Listing 12.05 requires a diagnosis of intellectual disability, and here, the ALJ properly noted that Dr. Cheryl Kasprzak, a licensed psychologist, diagnosed Plaintiff with borderline intellectual functioning.   Doc. 23 at 7. Additionally, the Commissioner states that the ALJ noted activities that would not support the deficits in adaptive functioning.   *Id.* at 8.

The listings describe impairments that the Commissioner considers severe enough to prevent a person from doing "any gainful activity, regardless of his or her age, education, or work experience."   *See* 20 C.F.R. §§ 404.1625(a), 416.925(a).   If an adult's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. . . ."   *Bowen v. Yuckert,* 482 U.S. 137, 141 (1987), *cited in Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).   The Eleventh Circuit has described how the standard is met or equaled:

> In order to *meet* a listing, the claimant must (1) have a diagnosed
> condition that is included in the listings and (2) provide objective
> medical reports documenting that this condition meets the specific
> criteria of the applicable listing and the duration requirement. A
> diagnosis alone is insufficient. [] In order to *equal* a listing, the medical
> findings must be at least equal in severity and duration to the listed
> findings.

*Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (citing 20

C.F.R. § 416.925(c)-(d)).   The burden of establishing that a claimant's impairments

meet or equal a listing rests with the claimant, who must produce specific medical

findings that satisfy all the criteria of a particular listing.   20 C.F.R. § 404.1520(a)(4).

If Plaintiff contends that an impairment meets a listing, as she does here (Doc.

18 at 11), she bears the burden of "present[ing] specific medical findings that meet

the various tests listed under the description of the applicable impairment."

*Wilkinson on Behalf of Wilkinson*, 847 F.2d at 662.   In doing so, Plaintiff must have

a diagnosed condition that is included in the listings.   *Id.*   Diagnosis of a listed

impairment, however, is not enough; as the claimant must also provide objective

medical reports documenting that her impairment meets the specific criteria of the

applicable listing.   *Id.*; *accord Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir.

2002).   Further, "[a]n impairment that manifests only some of [the specific] criteria

[of the applicable impairment], no matter how severely, does not qualify."   *Sullivan*

*v. Zebley*, 493 U.S. 521, 530 (1990).

The introductory material to the mental disorders listings clarifies Listing

12.05, stating:

> The structure of the listing for intellectual disability (12.05) is different
> from that of the other mental disorders listings.   Listing 12.05 contains

an introductory paragraph with the diagnostic description for intellectual disability.   It also contains four sets of criteria (paragraphs A through D).   If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, [the Commissioner] will find that your impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00A.   Listing 12.05 provides, that a claimant

is disabled if he or she meets the following criteria:

> 12.05 Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C, *or* D are satisfied.

> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;

> OR

> B. A valid verbal, performance, or full scale IQ of 59 or less;

> OR

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

> OR

> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

> 1.   Marked restriction in activities of daily living; or

> 2.   Marked difficulties in maintaining social functioning; or

3.  Marked difficulties in maintaining concentration, persistence, or pace; or

4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (emphasis added).[3]   Accordingly, in order to meet Listing 12.05, "a claimant must at least[:] 1) have significantly subaverage general intellectual functioning; 2) have deficits in adaptive [functioning]; and 3) have manifested deficits in adaptive [functioning] before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. Additionally, a claimant must meet one of the four sets of criteria found in 12.05A, B, C, or D, in order to show that his or her impairments are severe enough to meet or equal Listing 12.05.   20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).   Thus, the claimant must satisfy both the diagnostic description for intellectual disability and any one of the four sets of criteria in 12.05. *Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980, 983 (11th Cir. 2013).

Relevant here, as noted above, paragraph C of Listing 12.05 is met when the claimant shows: 1) "a valid verbal, performance, or full scale IQ of 60 through 70"; and 2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."   *Id.* at § 12.05(C).   Generally, a claimant meets the criteria for presumptive disability under section 12.05C when the claimant satisfies two prongs: a valid I.Q. score of 60 to 70 inclusive; and evidence of an

---

[3] The Court notes that currently Listing 12.05 uses "Intellectual disability" in place of "Mental retardation," amended on August 1, 2013.   *See* 78 Fed. Reg. 46,499, 46,501.   The listing, however, has not substantively changed.   *Id.*

additional mental or physical impairment that has more than "minimal effect" on the claimant's ability to perform basic work activities. *Lowery*, 979 F.2d at 837. "It is settled, however, that the presence of a more than slight or minimal limiting impairment satisfies the second criteria of section 12.05(C), even if the impairment is treatable." *Davis v. Shalala*, 985 F.2d 528, 262 n.3 (11th Cir. 1993).

The Eleventh Circuit has upheld an ALJ's conclusion that a claimant did not meet or equal the criteria for 12.05C, despite having an IQ score that fell within the required range, when the claimant's deficits in adaptive functioning were not reflective of an intellectual disability. *Perkins v. Comm'r of Soc. Sec.*, 553 F. App'x 870, 873 (11th Cir. 2014); *Hickel*, 539 F. App'x at 983-84; *see also Harris v. Comm'r of Soc. Sec.*, 505 F. App'x 874, 876 (11th Cir. 2013) (finding that substantial evidence supported the ALJ's conclusion that the Plaintiff's adaptive skills demonstrated that he was not intellectually disabled despite having a qualifying IQ score). In *Perkins*, the Plaintiff had an IQ score between 60 and 70. *Id.* at 871. The ALJ also found that Plaintiff had several other severe impairments. *Id.* at 872. The ALJ concluded, however, that the Plaintiff did not meet the criteria for 12.05C because the record indicated that he had good activities of daily living, and his past work as a skilled cook evidenced that he did not have the deficits in adaptive functioning that were reflective of someone with an intellectual disability. *Id.* at 873.

Similarly, in *Hickel*, the ALJ acknowledged that the Plaintiff had a valid IQ score between 60 and 70. 539 F. App'x at 984. The ALJ found, however, that the Plaintiff did not have deficits in adaptive functioning because the Plaintiff worked

part time, had friends, attended church regularly, drove, cared for her personal needs, and was able to prepare simple meals, groom, dress and bathe herself.  *Id.*  The ALJ noted that although the Plaintiff attended special education classes, she graduated from high school.  *Id.*  Accordingly, the ALJ found that the Plaintiff did not meet the requirements of 12.05 because she lacked deficits in adaptive functioning.  *Id.*  The court found that substantial evidence supported the ALJ's finding.  *Id.* at 985.

Here, the ALJ simply stated that 12.05C is not met "because the claimant has a verbal IQ score of 70 and a full-scale IQ score of 71."  Tr. 19.   The evidence reflects that Plaintiff has a verbal IQ score of 70, and the ALJ did not question the validity of the score.  Tr. 631.  The record also reflects, and the ALJ also found, that Plaintiff has additional severe impairments including seizure disorder, asthma, right shoulder disorder, diabetes, and learning disorder.  Tr. 16. The ALJ, however, provided no other rationale for her conclusion that Plaintiff does not meet the criteria for 12.05C other than Plaintiff's IQ score, which falls within the required range for 12.05C.

Plaintiff argues that because the record contains evidence that she appears to meet 12.05C, the ALJ's failure to discuss the listing and why it is not met was in error.   Doc. 18 at 11.   Plaintiff also asserts that the ALJ's failure to articulate why Plaintiff's verbal IQ score does not meet the statutory requirements also was improper.  Doc. 18 at 12.  Plaintiff contends that even if the Court can identify a reason for Plaintiff not meeting Listing 12.05C, the Court must reverse the ALJ's decision because the decision may only be upheld based on the bases articulated in

agency order.   Doc. 18 at 12 (citing *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010)).

The Commissioner states that the ALJ adequately demonstrated her reasons for determining that Plaintiff does not meet 12.05C because the ALJ referenced the records from Dr. Kasprzak, who diagnosed Plaintiff with borderline intellectual functioning.   Doc. 23 at 8.   Additionally, the Commissioner argues that Plaintiff's activities would not support the deficits in adaptive functioning required for a finding of intellectual disability.   *Id.*   The Commissioner states, "Plaintiff has a driver's license, cares for 3 small children, visits with friends and relatives, shops for groceries, plays computer games, and volunteers at a soup kitchen."   *Id.*   Thus, the Commissioner contends that Plaintiff does not meet the strict requirements of 12.05C.

While the Commissioner's argument may have merit, the ALJ did not make a finding that the reason Plaintiff did not meet the listings was due to Plaintiff's adaptive functioning.   Unlike *Hickel, Harris and Perkins* where the ALJ made a specific finding that the claimants did not meet the deficits in adaptive functioning required in 12.05, despite having the requisite IQ, here, the ALJ simply stated that 12.05C is not met because Plaintiff has a verbal IQ score of 70 and a full scale IQ score of 71.   Tr. 18.   The ALJ made no mention of why the IQ scores did not meet the requirements of 12.05C, which state that a Plaintiff must have a verbal *or* full scale IQ between 60 and 70. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (emphasis added).   Additionally, the ALJ made no reference to Plaintiff's adaptive functioning

as it relates to whether Plaintiff met the listing.[4] "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker*, 384 F. App'x at 896; *see also Owens v. Heckler*, 748 F.2d 1511, 1515-16 (11th Cir. 1984) (declining to affirm an ALJ's conclusion simply because some rational may have supported it and because the ALJ's articulation of the standard being applied was ambiguous). Here, it is unclear on what basis the ALJ determined Plaintiff did not meet the listing. Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence. *See Winschel*, 631 F.3d at 1179 (stating an ALJ decision that lacks some measure of clarity cannot be affirmed simply because some rationale may have supported the decision); *see also Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (stating that when an ALJ fails to sufficiently explain his decision, the Court cannot meet its duty to scrutinize the record to determine whether the conclusions reached are rational).

### b.  Whether the VE's testimony is consistent with the DOT

Plaintiff next contends that the VE testimony was defective because the VE identified jobs in the national economy that Plaintiff can perform with a "reasoning level" of 2 or 3, despite Plaintiff's limitation in the hypothetical to "simple, routine, and repetitive tasks."  Doc. 18 at 12-13.  The crux of her argument is that the reasoning levels noted in the DOT for each position are inconsistent with the VE's testimony that Plaintiff could perform the jobs of glass frame polisher and

---

[4] The Court notes that the ALJ considered many of Plaintiff's activities of daily living when the ALJ explained the RFC finding.  Tr. 20.  This, however, was after the ALJ concluded that Plaintiff failed to meet the listings.

surveillance system monitor under the limitation of "simple, routine, repetitive tasks" because they have reasoning levels higher than 1. *Id.* at 13. The Commissioner simply responds that even if these jobs are inconsistent with the DOT, Plaintiff raises no issue with the job of lens inserter, which has a reasoning level of 1, and a SVP of 2. Doc. 23 at 9. The Commissioner contends that this job represents alternate work, and therefore, the ALJ's decision is supported by substantial evidence. *Id.*

Under SSR 00-4p, "[w]hen a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4. If there is a conflict, the ALJ is to "obtain a reasonable explanation for the apparent conflict." *Id.* Furthermore, she must resolve the conflict before relying on the VE and explain in her decision how she resolved the conflict. *Id.* The Eleventh Circuit has held that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999).

In this case, the ALJ expressly determined as part of Plaintiff's RFC that Plaintiff is limited to "simple, routine, repetitive tasks." Tr. 18. The ALJ included this limitation in her hypothetical to the VE. Tr. 48-49. The VE testified that a hypothetical individual with the limitations set forth in Plaintiff's RFC would be able to perform the job of eyeglass frame polisher (DOT 713.684-030), lens inserter (DOT 713.687-030) and surveillance system monitor (DOT 379.367-010). Tr. 21, 51. The

ALJ complied with her obligation under SSR 00-4p and inquired whether the VE testimony was consistent with the DOT, and the VE stated that it was.   Tr. 51.

The Court recognizes that some courts in this district have addressed similar arguments and found that a limitation to simple, routine, or repetitive tasks is inconsistent with a reasoning level of 2 or 3.   *See e.g. Estrada v. Barnhart*, 417 F. Supp. 2d 1299 (M.D. Fla. 2006); *Cousins v. Colvin*, No. 2:12-CV-505-FTM-29, 2013 WL 5278271 (M.D. Fla. Aug. 23, 2013), report and recommendation adopted as modified, No. 2:12-CV-505-FTM-29DNF, 2013 WL 5278483 (M.D. Fla. Sept. 18, 2013). Other courts in this circuit, including this Court, have held that a required reasoning level of 2 or 3 is not inconsistent with the ability to perform simple tasks. *See Hobbs v. Colvin*, No. 8:13-cv-3233-T-24 MAP, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (citation omitted); *Gray v. Colvin*, No. 3:12-cv-506/EMT, 2014 WL 1118105, at *8 (N.D. Fla. Mar. 20, 2014); *Stone v. Comm'r of Soc. Sec.*, No. 2:16-cv-253-FtM-CM, 2016 WL 4425865, at *8-9 (M.D. Fla. August 21, 2016). Additionally, other courts previously have held that once a VE testifies that her testimony is consistent with the DOT, the ALJ is not under an obligation to inquire further, or to investigate potential conflicts that were not raised at the hearing.   *Marley v. Comm'r of Soc. Sec.*, No. 8:13-CV-2384-T-CM, 2015 WL 847376, at *1 (M.D. Fla. Feb. 26, 2015); *Stone*, 2016 WL 4425865, at *8-9.

In *Leigh v. Comm'r of Soc. Sec.*, the Eleventh Circuit upheld an ALJ decision where, as here, the plaintiff argued that the ALJ's inclusion of limitations of "simple, routine, repetitive" tasks in the hypothetical to the VE conflicted with the reasoning

level for the jobs the VE identified that the plaintiff could perform in the DOT.   496

F. App'x 973, 975 (11th Cir. 2012).   The court did not specifically hold that there was

a conflict but instead held, "even assuming that there was an inconsistency between

the VE's opinion and the DOT, the ALJ did not err in relying on the VE's opinion to

determine that [the plaintiff] was not disabled" because the testimony of a VE trumps

the DOT in cases of inconsistency.   *Id.* at 975 (citing *Jones*, 190 F.3d at 1229-30).

The ALJ asked the VE if there were any inconsistences, and the VE responded in the

negative.   *Id.* at 973.   The court found that Plaintiff "did not offer any evidence

controverting the VE's opinion, nor did she object to the opinion. . . . [Thus, b]ecause

there was no apparent inconsistency between the VE opinion and the DOT, the ALJ's

decision is supported by substantial evidence. " *Id.* at 975.

Additionally, in *Garskof v. Astrue*, the court held that "the ALJ is not required

independently to identify whether there is any inconsistency." No. 507-CV-288-OC-

GRJ, 2008 WL 4405050, at *6 (M.D. Fla. Sept. 26, 2008).   This was especially true

in *Garskof* where "[p]laintiff never identified any conflicts at the hearing and never

raised any conflict through questioning the VE, despite being represented by

counsel." *Id.   See also Dickson v. Comm'r of Soc. Sec.*, No. 5:13-CV-48-OC-DNF,

2014 WL 582885, at *1 (M.D. Fla. Feb. 13, 2014) ("No conflicts were raised during the

hearing by the vocational expert or by Plaintiff's representative. Neither case law nor

SSR 00–4p require an ALJ to resolve a conflict that was not identified and was not

otherwise apparent.").

In the present case, the ALJ complied with her duty under SSR 00-4p. The VE testified that there was no conflict. Tr. 51. The ALJ fully complied with her obligation under SSR 00-4p and was not under an independent obligation to identify and resolve any inconsistency aside from the ones presented by the VE. Additionally, there was no apparent inconsistency between the DOT and VE testimony. Because the Court finds, however, that remand is appropriate for other reasons, the Court will direct the Commissioner to clarify the VE testimony and the DOT with regard to the reasoning requirements for the eye glass frame polisher and surveillance system monitor.

## V.   Conclusion

ACCORDINGLY, it is hereby

**ORDERED:**

1.     The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g); for the Commissioner to:

>    A. reconsider whether Plaintiff meets the requirements for Listing 12.05C and sufficiently explain the rationale for her decision;

>    B. clarify the VE testimony and DOT with regard to the reasoning requirements for the eye glass frame polisher and surveillance system monitor;

>    C. make any other determinations consistent with this Opinion and Order, or in the interests of justice.

The Clerk of Court is directed to enter judgment in favor Plaintiff Barbara White, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record